UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:23-cv-00485-SPG | Date | November 17, 2023 |
| Title | Roy Wiles, et al., v. Ford Motor Co., et al. | | |

| Present: The Honorable | SHERILYN PEACE GARNETT <br> UNITED STATES DISTRICT JUDGE |
|---|---|
| P. Gomez | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceeding:** **(IN CHAMBERS) ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION**

The Complaint in this case alleges violations of the Song-Beverly Consumer Warranty Act. Defendant removed the action from state court, invoking diversity jurisdiction. (ECF No. 1).

The Court questions its jurisdiction over the action. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) (obliging courts to examine subject-matter jurisdiction issues *sua sponte*). Federal courts are of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). There is a "strong presumption" against removal jurisdiction, and the removing party bears the burden of proving that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

To invoke diversity jurisdiction, a party must demonstrate that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the removing defendant must establish by a preponderance of the evidence that the amount in controversy "more likely than not" exceeds $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

Plaintiffs plead that "not less than $25,000.01" is in controversy, but the prayer for relief does not indicate whether the total amount Plaintiff seeks exceeds $75,000. In its Notice of Removal, Defendant Ford Motor Company ("Ford") asserted that because Plaintiffs seek actual damages "not less than $25,000.01," in addition to "a civil penalty in the amount of two

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:23-cv-00485-SPG | Date | November 17, 2023 |
| Title | Roy Wiles, et al., v. Ford Motor Co., et al. | | |

times Plaintiffs' actual damages," that the amount in controversy is satisfied. (ECF No. 1 at 3).

District courts in the Ninth Circuit are split on whether a simple allegation that a plaintiff seeks a penalty two times the actual damages is sufficient to establish the amount in controversy. *Compare Coronel v. Ford Motor Co.*, CV 19-09841 DSF (JEM), 2020 WL 550690, at *6 (C.D. Cal. Feb. 4, 2020) (finding these allegations sufficient), *with Khachatryan v. BMW of N. Am., LLC*, No. CV 21-1290 PA (PDX), 2021 WL 927266, at *3 (C.D. Cal. Mar. 10, 2021) (noting that removing defendants "must make some effort to justify the assumption" that a civil penalty will be awarded).

This Court is persuaded by the authority that requires more, "some effort," from a removing defendant. *See id.* Requiring removing defendants to make some showing to corroborate a plaintiff's assumption about the awarding of civil penalties is consistent with the strong presumption against removal and keeping the burden on the removing defendant to establish that removal is proper. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Zawaideh v. BMW of N. Am., LLC*, No. 17-CV-2151 W (KSC), 2018 WL 1805103, at *1 (S.D. Cal. Apr. 17, 2018) ("Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction."). Thus, the removing defendant "must make some effort to justify the assumption by, for example, pointing to allegations in the Complaint suggesting award of a civil penalty would be appropriate, and providing evidence—such as verdicts or judgments from similar cases—regarding the likely amount of the penalty." *Khachatryan v. BMW of N. Am., LLC*, No. CV 21-1290 PA (PDX), 2021 WL 927266, at *3 (C.D. Cal. Mar. 10, 2021) (quoting *Zawaideh v. BMW of North America*, 2018 WL 1805103, at *2 (S.D. Cal. Apr. 17, 2018) (collecting cases)).

The Court orders Defendant to show cause why the case should not be remanded for lack of jurisdiction. Defendant shall file a written response by November 21, 2023, at 11:59 PM either consenting to remand or establishing by a preponderance of evidence that the amount in controversy "more likely than not" exceeds $75,000. *Guglielmino*, 506 F.3d at 699; *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (requiring "[e]vidence establishing the amount . . . when . . . the court questions[] the defendant's allegation" of the amount in controversy). Plaintiff may respond to Defendant's response within five days of its filing.

**IT IS SO ORDERED.**

|  |  |
|---|---|
| | 00 : 00 |
| | Initials of Preparer   pg |